IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KeONDRA M. CHESTANG                                                    PETITIONER
ADC #134005

v.                    CASE NO.: 5:12CV00083-SWW-BD

RAY HOBBS, Director,
Arkansas Department of Correction                                      RESPONDENT

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Susan Webber Wright. Mr. Chestang – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.     Background**

In 2005, a jury found KeOndra M. Chestang guilty of aggravated robbery, and the court sentenced him to twenty years' imprisonment in the Arkansas Department of Correction. Mr. Chestang appealed his conviction, and the Arkansas Court of Appeals affirmed. *Chestang v. State*, No. CACR05-1170, 2006 WL 2879429, *4 (Oct. 11, 2006). Mr. Chestang did not seek review in the Arkansas Supreme Court. However, he did file a state habeas corpus petition on February 19, 2009, which the trial court denied on April 8, 2009.

On August 4, 2009, Mr. Chestang filed a habeas corpus petition with this Court under 28 U.S.C. § 2254. *Chestang v. Norris*, 2009 WL 4251049, *2 (E.D. Ark. 2009). The Court dismissed the petition, with prejudice, on November 23, 2009. *Id*. Mr. Chestang appealed. The Court of Appeals for the Eighth Circuit entered a judgment dismissing the appeal and denying Mr. Chestang's application for certificate of appealability on April 1, 2010. *Chestang v. Norris*, No. 10-1031 (April 1, 2010).

In the current petition, Mr. Chestang contests the same conviction at issue in his previous federal habeas corpus petition. (Docket entry #2) Because this is an

unauthorized second or successive habeas petition, the petition should be summarily dismissed, without prejudice.

## III.     Discussion

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). And the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. 28 U.S.C. § 2244(b).[1] *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Id.* at 152-153, 157.

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without

---

[1] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless: (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence, and the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id*. §2244(b)(2).

authorization from the court of appeals.[2]  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant petition, read together with court records, it is obvious that this petition is a successive habeas corpus petition.  Mr. Chestang challenges the same conviction in this petition as he did in his previous petition.  He does not allege or provide any evidence that he has sought or received authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.  Accordingly, this Court lacks jurisdiction to consider the merits of this petition.

IV.     **Conclusion**

The Court recommends that Judge Wright dismiss KeOndra Chestang's petition for writ of habeas corpus, without prejudice, for lack of jurisdiction.

DATED this 1st day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 4 provides:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.